IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:23-CR-00246-FL-KS-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | DEFENDANT'S RESPONSE |
| v. ) | TO MOTION TO SEAL AND |
| ) | MOTION FOR PROTECTIVE |
| KENNETH MAURICE QUICK, JR., ) | ORDER |
| ) | |
| Defendant. ) | |

Defendant Kenneth Maurice Quick, Jr., through counsel, hereby responds to the Government's motions to seal (DE 51) and for a protective order (DE 53). Mr. Quick does not oppose the motion to seal, but opposes the motion for protective order as set forth below

## **MATTER BEFORE THE COURT**

Mr. Quick is charged with murder, drug, firearm, and evidence concealment crimes in connection with the shooting deaths of two victims in December 2020. He has pleaded not guilty to all charges and intends to proceed to trial.

Mr. Quick has been incarcerated continuously since at least August 3, 2022, when he was arrested on federal charges in the Middle District of North Carolina. He was eventually sentenced to serve a 57-month sentence in the Bureau of Prisons upon a conviction of violating 18 U.S.C. § 922(g)(1). Mr. Quick was arrested on the instant charges while in the Bureau of Prisons, and has remained in pretrial detention since his initial appearance in this case.

In the spring of 2025, while Mr. Quick was incarcerated, one of the grand jury witnesses in this case was found dead. The Government contends, in its motion in limine, that Mr. Quick acquiesced in procuring the unavailability of the witness, and thus the Government seeks to admit the witness' grand jury transcript at trial. (DE 50). Mr. Quick denies involvement in the witness' death and will oppose the Government's motion in limine.

The Government moved to seal the motion in limine. (DE 51). Mr. Quick does not oppose the motion to seal. The Government also moved for a protective order that would prevent defense counsel from giving Mr. Quick his own copy of the motion in limine. (DE 53). Mr. Quick respectfully opposes that motion and asks the Court to permit him to have one printed copy of the motion in limine (excluding the exhibit) to use in connection with the defense of this case.

**ARGUMENT**

Mr. Quick acknowledges that "[e]very court has supervisory power over its own records and files," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), and thus the Court may restrict access to the motion in limine. Mr. Quick contends, however, that preventing him from having a copy of the motion in limine himself is unwarranted and will impede his participation in the defense.

Mr. Quick is currently detained in Onslow County, approximately a two-hour and ten-minute one-way drive from his appointed defense counsel's office in Raleigh. Mr. Quick's appointed counsel must juggle numerous cases, both appointed and retained, and is often constrained to communicating with distantly incarcerated clients via JurisLink. Mr. Quick acknowledges that his counsel has provided access for him to view the motion in limine over JurisLink and that she will continue to provide access during JurisLink and in-person meetings, if any. However, the motion is long and fact-intensive. Mr. Quick's counsel will benefit from his detailed study and input on the factual allegations in the motion as Mr. Quick's counsel works on preparing a response. If the Court does not allow Mr. Quick to have a copy of the motion himself, counsel and/or her paralegal will be required to have many more meetings with Mr. Quick than would otherwise be required. Counsel will incur the cost of JurisLink meetings

2

($139.99/hour) and/or travel to and from Onslow County.[1]  Counsel is committed to ensuring that Mr. Quick has adequate access to the motion in limine, and counsel will continue to meet with Mr. Quick as necessary if the Court grants the motion for protective order.

Mr. Quick is aware that his actions and communications while detained are under scrutiny.  The motion in limine underscores for Mr. Quick the risk of communicating about his case on a recorded line, and the impression such communications can create.  He agrees that, if he is allowed a copy of the motion in limine, he will not share it with anyone or discuss it with anyone other than his counsel and her staff.  Mr. Quick acknowledges that the discovery underlying the motion (and all other discovery) is covered by the existing discovery protective agreement, and he is not seeking his own copy of any discovery.  Further, Mr. Quick is *not* seeking his own copy of the grand jury transcript attached to the motion in limine; he seeks only a single printed copy of the motion itself.

Finally, although it is unclear to counsel that the motion in limine is covered by the discovery agreement, counsel has informed the Government and represents to the Court (with the consent of Mr. Quick personally) that she will not provide Mr. Quick a copy of the motion in limine that he can retain unless and until the Court orders that he may have his own copy.

## **CONCLUSION**

For the reasons stated above, Mr. Quick respectfully requests that the Court deny the motion for protective order and permit him to have one printed copy of the motion in limine for his own use in connection with the defense of this case.

---

[1] Due to a lapse in Criminal Justice Act funding, counsel is currently unable to be reimbursed for these expenses on a timely basis.  However, with the support of her firm, counsel is fortunate to be able to continue to incur the expenses for the time being, and she does not presently contend that the lack of funding prevents her from meeting with Mr. Quick.

3

This the 6th day of October, 2025.

                                                ELLIS & WINTERS LLP

                                                /s/ Kelly Margolis Dagger
                                                Kelly Margolis Dagger
                                                N.C. State Bar No. 44329
                                                kelly.dagger@elliswinters.com
                                                Paul K. Sun, Jr.
                                                N.C. State Bar No. 16847
                                                paul.sun@elliswinters.com
                                                Post Office Box 33500
                                                Raleigh, North Carolina 27636
                                                Telephone: (919) 865-7000
                                                Facsimile: (919) 865-7010

                                                *Counsel for Defendant Kenneth Maurice Quick, Jr.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed with the clerk of court using the CM/ECF system, which will send notice of such filing to all CM/ECF users who have made an appearance in this case.

This the 6th day of October, 2025.

ELLIS & WINTERS LLP

/s/ Kelly Margolis Dagger
Kelly Margolis Dagger
N.C. State Bar No. 44329
kelly.dagger@elliswinters.com
Post Office Box 33500
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010

*Counsel for Defendant Kenneth Maurice Quick, Jr.*
