IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CR-246-FL-KS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KENNETH MAURICE QUICK, JR., | ) | |
| Defendant. | ) | |

This matter is before the court on the Government's motion for a protective order to restrict Defendant's access to a sealed motion in limine filed by the Government. Defendant has responded in opposition, and the matter is ripe for ruling. For the reasons set forth below, the court grants the Government's motion as to the previously filed motion in limine and orders the Government to show cause, if any, why it should not be required to provide Defendant with a redacted version of the motion in limine.

## BACKGROUND

On February 5, 2025, a federal grand jury returned an eight-count superseding indictment charging Defendant with first-degree murder and various other offenses related to the shooting deaths of two individuals whose bodies were found on the Fort Bragg Military Installation in December 2020. (Superseding Indictment [DE #37].) On May 7, 2025, Defendant was arraigned and entered a plea of not guilty. (5/7/25 Order [DE #46] at 1.) At Defendant's arraignment, the Government informed the

court it was investigating the alleged murder of one of its witnesses and would be filing a motion to admit grand jury testimony provided by the deceased witness. (*Id.* at 2.)

On September 19, 2025, the Government filed a sealed motion in limine to admit the grand jury testimony into evidence at Defendant's trial pursuant to Rule 804(b)(6) of the Federal Rules of Evidence. (Mot. Limine [DE #50].) In the motion presently before the court, the Government requests an order allowing Defendant to access the motion in limine only in the presence and under the supervision of defense counsel or authorized staff. Defendant objects.

## DISCUSSION

The Federal Rules of Criminal Procedure vest district courts with broad discretion to regulate discovery. *See* Fed. R. Crim. P. 16(d)(1) (authorizing court to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief"); *United States v. Roberts*, 793 F.2d 580, 587 (4th Cir. 1986) ("The courts are empowered to limit [discovery], condition it, or absolutely prohibit it in the interests of witness security or any other compelling reason, under Rule 16(d)(1)."), *vacated on other grounds*, 811 F.2d 257 (4th Cir. 1987) (en banc). However, court-imposed discovery restrictions are not limitless.

Defendants have a constitutional right to participate and assist in their defense. *See Faretta v. California,* 422 U.S. 806, 819 (1975). "Often, the defendants alone possess information that may be critical in refuting the Government's evidence, or in discrediting expected prosecution witnesses." *United States v. Garcia*, 406 F.

2

Supp. 2d 304, 305 (S.D.N.Y. 2005). Thus, discovery should not be restricted so severely that it prevents meaningful communication between a defendant and his attorney or otherwise overrides a defendant's right to a fair trial.

In this case, the Government is not seeking to bar all access by Defendant to the motion in limine. Rather, the Government asks that Defendant be prohibited from possessing his own copy of the motion in limine and, instead, be allowed access to the motion only when in the presence and under the supervision of defense counsel or authorized staff. (Mot. Protective Order [DE #53] at 3.) Given the nature of the information contained in the motion in limine, the Government contends that "allowing [Defendant] to retain his own copy . . . could result in alerting potential targets of the existence, scope, and details of the investigation[1] and, therefore, would pose a risk of flight or destruction of additional evidence and may otherwise compromise the investigation. It could also endanger individuals." (*Id.* at 2.) Defendant requests that he be permitted to "have one printed copy of the motion in limine (excluding the exhibit [containing grand jury testimony])" on condition that he "not share it with anyone or discuss it with anyone other than his counsel and her staff." (Def.'s Resp. Mot. Protective Order [DE #54] at 2–3.)

Having reviewed the sealed motion in limine, the court finds that it contains a plethora of information which is similar in nature to that found deserving of

---

[1] Although not explicitly stated in the Government's motion, the investigation to which the Government refers here is presumed to be the investigation into the death of the witness whose grand jury testimony is at issue in the motion in limine, not the investigation into the offenses with which Defendant has been charged.

3

additional security measures to protect witnesses from reprisals. *See In re Guilty Pleas in Criminal Felony Cases*, 22-SO-1 (E.D.N.C. Sept. 22, 2022), available at https://www.nced.uscourts.gov/pdfs/StandingOrders/22-SO-1.pdf; *In re Public Access to Plea Agreements & Substantial Assistance Motions*, 09-SO-02 (E.D.N.C. Feb. 12, 2010), available at https://www.nced.uscourts.gov/pdfs/StandingOrders/09-SO-2.pdf. Based on the superseding indictment returned by the grand jury in this case, there is probable cause to believe that Defendant has obstructed justice by destroying or attempting to destroy evidence of two homicides. (Superseding Indictment at 3–4 (Counts 6–7).) The motion in limine filed by the Government further suggests that one of its cooperating witnesses was murdered because the witness testified before the grand jury in this case. The motion contains detailed factual allegations concerning the involvement of Defendant and others into the alleged murder of the witness. Dissemination of the motion in limine may jeopardize the safety of witnesses and impede the due administration of justice.

The court finds that good cause exists to impose discovery restrictions and that restricting Defendant's access to the motion in limine filed by the Government will lessen the risk of intimidation, threats, or harm to witnesses. *See United States v. Navarro*, 770 F. App'x 64, 65 (4th Cir. 2019) (per curiam); *United States v. Bulger*, 283 F.R.D. 46, 56 (D. Mass. 2012). That said, the Government's motion in limine contains information, including legal argument, the disclosure of which does not appear to raise issues concerning witness safety or intimidation. This information could be useful to Defendant's participation in his defense. Accordingly, the court

directs the Government to show cause, if any, why a redacted version of the motion in limine should not be provided to Defendant so that he can assist his counsel in responding to the Government's motion in limine.

## CONCLUSION

For the foregoing reasons, the court GRANTS the Government's motion for protective order [DE #53] as to the motion in limine filed September 19, 2025, and ORDERS as follows:

1. On or before **November 19, 2025**, counsel shall confer and submit for the court's consideration a jointly proposed protective order governing the terms for disclosure and dissemination of the motion in limine filed September 19, 2025.

2. Unless the parties reach an agreement to provide Defendant with a redacted copy of the motion in limine, the Government shall submit written briefing, on or before **November 19, 2025,** showing cause, if any, why a redacted version of the motion in limine should not be provided to Defendant in order to enable him to assist his counsel in responding to the Government's motion in limine. Defendant shall have ten (10) days to respond.

This 5th day of November 2025.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge