UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CR-246-FL-KS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KENNETH MAURICE QUICK, JR. | ) | **PROTECTIVE ORDER** |
| a/k/a "Nephew" | ) | |
| | ) | |
| | ) | |

On September 19, 2025, the Government filed a Motion in Limine including

one attachment under seal at docket entry 50 (hereafter the "Motion in Limine"). On

October 4, 2025, the Government filed a Motion for Protective Order regarding the

Motion in Limine at docket entry 53. On November 5, 2025, the Court granted the

Government's Motion for Protective Order and directed that the parties jointly

propose a protective order and a redacted version of the Motion in Limine. Consistent

with that order, the parties jointly agreed to the below protective order and redacted

Motion in Limine, filed as Attachment 1 to DE #56. As a result, it is ORDERED:

1.      The Motion in Limine may be used by the defense counsel for any

purpose in furtherance of the representation of the defendant in connection with the

above-captioned indictment.

2.      The Motion in Limine shall not be copied, disclosed, reproduced, or

further disseminated by the defense counsel, except as described below.

3.      Disclosure of the Motion in Limine by defense counsel shall be limited

to (i) the defendant; (ii) members of the defense team in this case, these being co-

counsel, paralegals, investigators, litigation support personnel, and defense secretarial staff; and (iii) experts or investigators assisting in the representation of the defendant in connection with the above-captioned case.

4.    Defense counsel or others having access to the Motion in Limine shall not provide the defendant with his own copy of the Motion in Limine.

5.    Defense counsel or others having access to the Motion in Limine may allow the defendant access to the Motion in Limine for viewing only, and neither the defendant, nor any other third party, shall be allowed to take the Motion in Limine where it could be introduced into the inmate population of any pre-trial detention center or where additional copies could be made.

6.    The defendant may have access to the Motion in Limine only under the supervision of the defense counsel or members of the legal staff of defense counsel to whom disclosure is authorized by this agreement.  The defendant shall not make or maintain his own copy of the Motion in Limine.  The Motion in Limine may not be left unattended at any place where it can be taken or copied by anyone who is not authorized to receive the Motion in Limine under this Order.

7.    Each of the individuals to whom disclosure is authorized under this agreement shall be provided a copy of this Order and shall be advised that he or she may not further disseminate any portion of the Motion in Limine or any copies, notes, transcripts, documents or other information derived or prepared from the Motion in Limine except in conformity with this Order.

8. The parties shall comply with all statutes, regulations, and rules pertaining to the disclosure of personal identity information, including Federal Rule of Criminal Procedure 49.1 and the Privacy Act of 1974, 5 U.S.C. § 552a. The parties shall not file personal identity information with, or submit such information to, the Court or reproduce such information's contents in any court filing unless the filing is placed under seal, with the Court's consent, or otherwise complies with Federal Rule of Criminal Procedure 49.1.

9. Notwithstanding the above, the redacted version of the Motion in Limine [DE #56-1] may be provided to the defendant without supervision and for his retention in accordance with the order to seal in order to allow him to assist his counsel in responding to the Government's Motion in Limine.

10. This Order does not constitute a ruling on the Motion in Limine or the question of whether any material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

DONE AND ORDERED this 8th day of December 2025.

KIMBERLY A. SWANK
United States Magistrate Judge

3