IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:23-CR-00246-FL-KS-1

UNITED STATES OF AMERICA

v.

**DEFENDANT'S BRIEF IN SUPPORT OF
MOTION TO SEAL
BRIEF IN SUPPORT OF
MOTION IN LIMINE**

KENNETH MAURICE QUICK, JR.,

Defendant.

Defendant Kenneth Maurice Quick, Jr., submits this brief in support of his motion to seal

his brief in support of his motion in limine (DE 78).

## INTRODUCTION

Mr. Quick asks the Court to seal his brief in support of motion in limine (DE 78) until

after the trial of this matter. This case has already garnered pretrial publicity, enhanced by the

recent indictment of Courtney P. Williams for allegedly providing classified national defense

information to an author who wrote about the killings alleged in the indictment. There is good

reason to believe that, if Mr. Quick's brief becomes public before trial, it will become the subject

of articles, podcasts, and the like that will make their way to potential jurors and alert them of the

very evidence that Mr. Quick seeks to exclude. Mr. Quick is entitled to a fair trial, and the

parties and the public share an interest in ensuring that he receives one. Sealing the brief in its

until after trial will prevent media sensationalism that may infect potential jurors while ensuring

that the public and the press can fully inform themselves about the brief. As shown below,

sealing is appropriate.

**MATTER BEFORE THE COURT**

On April 13, 2026, Mr. Quick filed a motion in limine seeking to exclude evidence or argument about certain matters that are irrelevant and unfairly prejudicial, requesting redaction of grand jury testimony, and asking the Court to prohibit the government from offering undisclosed or untimely disclosed expert opinions. (DE 77, 78). Mr. Quick's brief in support of the motion in limine details the evidence he seeks to exclude and discusses confidential discovery material produced by the government under a protective order. (DE 78). It also attaches and discusses a grand jury transcript that is subject to this Court's standing order on grand jury materials and the protective order. (DE 78-1). Mr. Quick filed his brief and exhibit provisionally under seal. (See DE 78, 78-1).

Mr. Quick asks the Court to maintain the brief under seal until after the trial of this matter.

**ARGUMENT**

**MR. QUICK'S INTEREST IN RECEIVING A FAIR TRIAL WARRANTS SEALING THE BRIEF UNTIL AFTER THE TRIAL OF THIS MATTER.**

Court orders are judicial records subject to a presumptive right of public access. See In re U.S. for an Order Pursuant to 18 U.S.C. § 2703(D), 707 F.3d 283, 290 (4th Cir. 2013). "The right of public access derives from two independent sources: the First Amendment and the common law." Id. The common law presumption can be rebutted if the public's right of access is outweighed by competing interests. Id. "On the other hand, the First Amendment provides a right of access only to particular judicial records and documents, and this right yields only in the existence of a compelling governmental interest that is narrowly tailored to serve that interest." Id. (quotation, ellipses, and brackets omitted; emphasis in original). "[A] sealing determination

must be accompanied by an explanation of less drastic alternatives. <u>Gray Media Grp., Inc. v. Loveridge</u>, 155 F.4th 330, 340 (4th Cir. 2025).

Counsel located no Fourth Circuit precedent on whether the common law or First Amendment right of access applies to Mr. Quick's brief in support of motion in limine. <u>See Natera, Inc. v. NeoGenomics Lab'ys, Inc.</u>, No. 1:23-CV-629, 2024 WL 5245586, at *1 (M.D.N.C. Dec. 18, 2024) (recognizing, in a civil case, that "[t]he Fourth Circuit has not yet clarified whether there is a First Amendment or common law right of access to documents filed with non-dispositive pretrial motions"). Documents filed in connection with plea and sentencing hearings are subject to a First Amendment right of access, <u>In re Washington Post Co.</u>, 807 F.2d 383, 390 (4th Cir. 1986), and the public and the press have a First Amendment right to attend criminal trials, <u>In re Knight Pub. Co.</u>, 743 F.2d 231, 233 (4th Cir. 1984). In a civil case, summary judgment filings are subject to the First Amendment right of access. <u>Doe v. Public Citizen</u>, 749 F.3d 246, 268 (4th Cir. 2014). But unlike a trial, plea hearing, sentencing hearing, or summary judgment motion, a motion in limine cannot be case-dispositive. Therefore, Mr. Quick contends that only the common law right of access applies. <u>See, e.g.</u>, <u>Altria Client Servs. LLC v. R.J. Reynolds Vapor Co.</u>, No. 1:20-cv-472, 2023 WL 1069744, at *2 (M.D.N.C. Jan. 27, 2023) (concluding that common law presumption, not First Amendment, applied to documents filed with motion in limine); <u>Lord Corp. v. S&B Tech. Prods., Inc.</u>, No. 5:09-cv-205-D, 2022 WL 895947, at *1 (E.D.N.C. Mar. 15, 2012) (Gates, Mag. J.) (same). <u>But see Sempowich v. Tactile Sys. Tech., Inc.</u>, 2020 WL 2789792, at *2 (E.D.N.C. May 29, 2020) (Jones, Mag. J.) (concluding that First Amendment right applied to documents filed with motion in limine where the documents, filed at the same time as summary judgment motion, were "similar in nature to those filed in support of the summary judgment motions and briefing"). The Court

3

need not decide whether the First Amendment right of access applies because, even if it does, sealing is appropriate under these circumstances.

> **A.     There Is a Compelling Governmental Interest in Ensuring That Mr. Quick Receives a Fair Trial.**

"[T]he right of the accused to a fair trial" is a compelling governmental interest that may overcome the First Amendment.  In re Knight Pub. Co., 743 F.2d at 234.  Prejudicial pretrial publicity may jeopardize a defendant's right to a fair trial.  See, e.g., United States v. Bakker, 925 F.2d 728, 732 (4th Cir. 1991) (discussing pretrial publicity in venue transfer context).[1]  Sealing is necessary to prevent the kind of prejudicial pretrial publicity that could jeopardize Mr. Quick's right to a fair trial.

As the Court noted at a prior hearing in this case, this case has received media attention. Reporter Seth Harp published a book and a magazine article about the deaths of William Lavigne and Timothy Dumas, and the case has been covered on podcasts.[2]  Last week, the government indicted Courtney P. Williams on allegations that she provided classified national defense information to Mr. Harp, generating another round of publicity.[3]  See Indictment, United States v. Williams, No. 5:26-cr-53-M-RN (E.D.N.C. Apr. 8, 2026); Criminal Compl., United States v. Williams, No. 5:26-cr-53-M-RN (E.D.N.C. Apr. 3, 2026).

---

[1] Bakker discusses the high standard for pretrial publicity that is so prejudicial that it requires a change of venue.  Mr. Quick does not suggest that his case meets that standard on the present record.  He cites Bakker as an example of judicial recognition that pretrial publicity may be prejudicial, and he seeks to prevent that prejudice here.

[2] See, e.g., Seth Harp, 'Fort Bragg has a lot of secrets.  It's its own little cartel', Rolling Stone (July 28, 2025), https://www.rollingstone.com/culture/culture-features/fort-bragg-cartel-murders-1235394302/; The Fort Bragg Cartel: A Conversation with Author Seth Harp (Oct. 8, 2025), https://quincyinst.org/events/the-fort-bragg-cartel-an-in-person-conversation-with-author-seth-harp/ (podcast).

[3] See, e.g., Jonathan Wolfe, F.B.I. Arrests Ex-Army Employee Who Detailed Harassment to Journalist, N.Y. Times (Apr. 9, 2026), https://www.nytimes.com/2026/04/09/us/army-leaker-fbi-arrest-courtney-williams.html.

4

Public attention to Mr. Quick's brief in support of his motion in limine runs the risk of substantial prejudice to Mr. Quick. The premise of part of Mr. Quick's motion is that certain evidence about him is irrelevant and would be unfairly prejudicial if introduced. The public disclosure of that evidence so close to trial, when this case is the subject of heightened media attention, may defeat the purpose of the motion in limine.

**B.      Mr. Quick's Request for Temporary Sealing Is Narrowly Tailored to Safeguard His Interest in a Fair Trial.**

Mr. Quick's request is narrowly tailored. Mr. Quick seeks only to seal his brief temporarily, for approximately another month, until after his trial. That short delay in making the brief public will address Mr. Quick's concerns about pretrial publicity, while also ensuring that the public and the press have access to the brief after trial.

**C.      There Is No Adequate Alternative to Sealing.**

Less drastic alternatives to sealing fail to serve the compelling governmental interest in ensuring Mr. Quick's right to a fair trial.

The Fourth Circuit has described voir dire as the "preferred safeguard" against the threat of pretrial publicity to fair trial rights, see Gray Media, 155 F.4th at 340; In re Charlotte Observer, 882 F.2d 850, 855 (4th Cir. 1989), but it is an inadequate safeguard here. In Gray Media and Charlotte Observer, in contrast to this case, the pretrial publicity the litigants sought to avoid was republication of information already made public. 155 F.4th at 340; 882 F.2d at 854. Mr. Quick's alleged connection to many of the events described in the motion in limine has not been made public. Mr. Quick has no reason to doubt that voir dire will be sufficient with respect to the existing pretrial publicity. Additional publicity surrounding the specific evidence Mr. Quick seeks to exclude may jeopardize the fairness of the trial.

5

Mr. Quick concedes that parts of the brief could be disclosed if other portions were redacted.  For example, Mr. Quick does not believe that his discussion regarding expert testimony is sensitive.  However, Mr. Quick is not filing a proposed redacted version of the brief with this motion.  The brief contains discussion of confidential discovery material and defense counsel has not yet had the opportunity to consult with the government's counsel about what the government may contend is confidential.  Defense counsel will confer with the government's counsel about a redacted version of the brief.

## CONCLUSION

For the reasons stated above, Mr. Quick respectfully requests that the Court grant his motion and direct that his brief in support of motion in limine (DE 78) remain under seal until after the trial of this matter.

6

This the 13th day of April, 2026.

ELLIS & WINTERS LLP

/s/ Kelly Margolis Dagger
Kelly Margolis Dagger
N.C. State Bar No. 44329
Paul K. Sun, Jr.
N.C. State Bar No. 16847
kelly.dagger@elliswinters.com
paul.sun@elliswinters.com
Post Office Box 33500
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010

*Appointed Counsel for Defendant Kenneth Maurice Quick, Jr.*

7

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed with the clerk of court using the CM/ECF system, which will cause a copy of the same to be served electronically on all counsel of record.

This the 13th day of April, 2026.

ELLIS & WINTERS LLP

/s/ Kelly Margolis Dagger
Kelly Margolis Dagger
N.C. State Bar No. 44329
kelly.dagger@elliswinters.com
Post Office Box 33500
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010

*Appointed Counsel for Defendant Kenneth Maurice Quick, Jr.*