IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:23-CR-00246-FL-KS-1

UNITED STATES OF AMERICA

v.

**ORDER GRANTING DEFENDANT'S
UNOPPOSED MOTION TO SEAL ORDER
ON GOVERNMENT'S
MOTION IN LIMINE**

KENNETH MAURICE QUICK, JR.,

Defendant.

This matter comes before the Court on the unopposed motion of Defendant Kenneth Maurice Quick, Jr., to seal temporarily the Court's order on the government's motion in limine (DE 70), until after the trial of this matter. Assuming, without deciding, that there is a First Amendment right of access to the order, the Court finds that Mr. Quick has shown a compelling governmental interest in sealing, that his request is narrowly tailored, and that alternatives to sealing are inadequate. Therefore, any First Amendment right has been overcome.

As to the interest in sealing, the Court finds that there is a compelling governmental interest in ensuring that Mr. Quick receives a fair trial. The Court finds that there has been pretrial publicity surrounding this case. Although that publicity itself may not be prejudicial, the Court finds that making its order public risks causing members of the public and potential jurors to conclude that the Court has formed an opinion about Mr. Quick or has found Mr. Quick "guilty" of allegations underlying the motion in limine. The Court finds a compelling governmental interest in avoiding that perception before Mr. Quick's trial.

The sealing request is narrowly tailored. Mr. Quick only seeks to seal the Court's order. The public and the press had the opportunity to attend the hearing on the motion. The Court's order contains its findings and resulting ruling, which the Court did not disclose at the hearing.

Mr. Quick's request is also temporary, which further narrows its reach. The public and the press will be able to access the Court's order after the trial.

Finally, less drastic alternatives to sealing are insufficient. Voir dire, while important, is not sufficient to address the particular risk of prejudice here, which involves prospective jurors believing that the Court—not a reporter or journalist—has formed opinions about the defendant. Redaction of the order to address the compelling governmental interest would also make the order unintelligible, and is thus not an appropriate alternative.

For these reasons, the motion to seal is GRANTED. The Clerk of Court is directed to maintain the Court's order (DE 70) under seal until after the trial of this matter.

IT IS SO ORDERED.

This the 28th day of _____ April _____, 2026.

_____
LOUISE W. FLANAGAN
United States District Judge