IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:23-CR-00246-FL-KS-1

UNITED STATES OF AMERICA

v.

**ORDER GRANTING DEFENDANT'S
MOTION TO SEAL BRIEF IN SUPPORT
OF MOTION IN LIMINE**

KENNETH MAURICE QUICK, JR.,

Defendant.

This matter comes before the Court on the unopposed motion of Defendant Kenneth

Maurice Quick, Jr., to seal temporarily his brief in support of motion in limine (DE 78), until

after the trial of this matter. Assuming, without deciding, that there is a First Amendment right of

access to the brief, the Court finds that Mr. Quick has shown a compelling governmental interest

in sealing, that his request is narrowly tailored, and that alternatives to sealing are inadequate.

Therefore, any First Amendment right has been overcome.

As to the interest in sealing, the Court finds that there is a compelling governmental

interest in ensuring that Mr. Quick receives a fair trial. The Court finds that there has been

pretrial publicity surrounding this case. Although that publicity itself may not be prejudicial, the

Court finds that making Mr. Quick's brief public risks causing members of the public and

potential jurors to focus on information that Mr. Quick seeks to exclude because he contends it is

irrelevant and unfairly prejudicial. The Court finds a compelling governmental interest in

avoiding that focus before Mr. Quick's trial.

The sealing request is narrowly tailored. Mr. Quick only seeks to seal his brief. The

public and the press will have the opportunity to attend the pretrial conference and trial. Sealing

will avoid rapid dissemination of the information online before trial that could infect the jury

pool.  Mr. Quick's request is also temporary, which further narrows its reach.  The public and the press will be able to access the brief after the trial.

Finally, less drastic alternatives to sealing are insufficient.  Voir dire, while important, is not sufficient to address the particular risk of prejudice here, which involves rapid dissemination of information, in an environment of heightened media attention, about evidence that Mr. Quick contends is inflammatory.  The parties will submit a redacted version of the brief so that the public may view non-confidential portions of the brief.

For these reasons, the motion to seal is GRANTED.  The Clerk of Court is directed to maintain the brief (DE 78) under seal until after the trial of this matter.

IT IS SO ORDERED.

This the 28th day of April, 2026.

LOUISE W. FLANAGAN
United States District Judge

2