IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:23-CR-00246-FL-KS-1

UNITED STATES OF AMERICA

v.

**ORDER GRANTING DEFENDANT'S MOTION TO SEAL RESPONSE TO MOTION IN LIMINE**

KENNETH MAURICE QUICK, JR.,

Defendant.

This matter comes before the Court on the motion of Defendant Kenneth Maurice Quick, Jr., to seal temporarily his response to motion in limine (DE 89), until after the trial of this matter. Assuming, without deciding, that there is a First Amendment right of access to the response, the Court finds that Mr. Quick has shown a compelling governmental interest in sealing, that his request is narrowly tailored, and that alternatives to sealing are inadequate. Therefore, any First Amendment right has been overcome.

As to the interest in sealing, the Court finds that there is a compelling governmental interest in ensuring that Mr. Quick receives a fair trial. The Court finds that there has been pretrial publicity surrounding this case. Although that publicity itself may not be prejudicial, the Court finds that making Mr. Quick's response public risks causing members of the public and potential jurors to focus on information that Mr. Quick seeks to exclude because he contends it is irrelevant and unfairly prejudicial. The Court finds a compelling governmental interest in avoiding that focus before Mr. Quick's trial.

The sealing request is narrowly tailored. Mr. Quick only seeks to seal his response. The public and the press will have the opportunity to attend the pretrial conference and trial. Sealing will avoid rapid dissemination of the information online before trial that could infect the jury

pool.  Mr. Quick's request is also temporary, which further narrows its reach.  The public and the press will be able to access the response after the trial.

Finally, less drastic alternatives to sealing are insufficient.  Voir dire, while important, is not sufficient to address the particular risk of prejudice here, which involves rapid dissemination of information, in an environment of heightened media attention, about evidence that Mr. Quick contends is inflammatory.  The parties will submit a redacted version of the response so that the public may view non-confidential portions of the brief.

For these reasons, the motion to seal is GRANTED.  The Clerk of Court is directed to maintain the brief (DE 89) under seal until after the trial of this matter.

IT IS SO ORDERED.

This the 28th day of _____April_____, 2026.

_____
LOUISE W. FLANAGAN
United States District Judge

2