IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:23-CR-00246-FL-KS-1

UNITED STATES OF AMERICA

v.

**JOINT REQUEST FOR JURY
INSTRUCTIONS**

KENNETH MAURICE QUICK, JR.,

Defendant.

The Court having denied Defendant Kenneth Maurice Quick, Jr.'s motion in limine to exclude Rule 404(b) evidence, the parties submit the following proposed limiting instructions to the jury. Mr. Quick maintains his objection to the admissibility of the evidence for the reasons stated in his motion in limine; however, the parties propose these limiting instructions at the Court's request.

This the 1st day of May, 2026.

ELLIS & WINTERS LLP

/s/ Kelly Margolis Dagger
Kelly Margolis Dagger
N.C. State Bar No. 44329
Paul K. Sun, Jr.
N.C. State Bar No. 16847
kelly.dagger@elliswinters.com
paul.sun@elliswinters.com
Post Office Box 33500
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010

*Appointed Counsel for Defendant Kenneth
Maurice Quick, Jr.*

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed with the clerk of court using

the CM/ECF system which will send notice of such filing to all counsel of record.

This the 1st day of May, 2026.

ELLIS & WINTERS LLP

/s/ Kelly Margolis Dagger
Kelly Margolis Dagger

*Appointed Counsel for Defendant Kenneth Maurice Quick, Jr.*

3

<u>Monterrio Taylor Acts</u>

The government now intends to offer evidence that it contends will show the defendant's involvement in crimes not alleged in the Superseding Indictment related to the shooting of someone named Monterrio Taylor.

Evidence that an act was done or that an offense was committed by a defendant at some other time is not, of course, any evidence or proof whatever that, at another time, the defendant performed a similar act or committed a similar offense.

Evidence of another act or offense may not be considered by the jury in determining whether defendant actually performed the physical acts charged in the Superseding Indictment. Nor may such evidence be considered for any other purpose whatever, unless the jury first finds beyond a reasonable doubt from other evidence in the case, standing alone, that defendant did the physical acts charged in the Superseding Indictment.

If the jury should find beyond a reasonable doubt from other evidence in the case that defendant did the acts alleged in the particular counts under consideration of the Superseding Indictment, the jury may then consider evidence as to an alleged separate act of a like nature in determining the state of mind or intent, with which defendant actually did the acts charged in the Superseding Indictment.

The defendant is not on trial for any acts or crimes not alleged in the Superseding Indictment. Nor may the defendant be convicted of the crimes charged even if you were to find

that he committed other crimes—even crimes similar to the one charged in this Superseding

Indictment.

2

<u>Enos Clark Acts</u>

The government now intends to offer evidence that it contends will show the defendant's efforts to intimidate or make unavailable Enos Clark.

You may consider evidence that the defendant did, or attempted to, intimidate a witness as showing consciousness of guilt. This evidence alone is not sufficient to establish guilt, and the significance to be attached is a matter for you, the jury, to determine.

Conduct of a defendant, including statements knowingly made, upon being confronted with criminal charges may be considered by the jury in light of all the evidence in the case in determining the guilt or innocence of the defendant.

Whether or not evidence as to a defendant's statements points to a consciousness of guilt and the significance to be attached to any such evidence are matters exclusively within the province of the jury.

3